UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA COLE,

        Plaintiff,

v.                                                                       Case No. 1:15-cv-833
                                                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of March 1, 2012. PageID.199. She identified her disabling conditions as numb from waist down and a back injury. PageID.203. Prior to the disability onset date, plaintiff had completed two years of college, held four certifications (certified nursing assistant, EKG certification, phlebotomy certification, and patient care tech certification), and had previous employment as a certified nursing assistant, home care provider, cashier, housekeeper/cleaner, customer service worker, telephone sales operator, sorter, and quality control inspector. PageID.102-103, 204-205. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 27, 2014. PageID.66-73. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 1, 2012, and meets the insured status requirements of the Act through March 31, 2017. PageID.68. At the second step, the ALJ found that plaintiff had the severe impairments of degenerative disc disease (DDD) of the lumbar spine. PageID.68. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.69.

The ALJ decided at the fourth step "that claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl." *Id.* The ALJ also found that plaintiff could perform her past relevant work as a customer service worker, telephone sales operator, sorter, and housekeeper/cleaner. PageID.71. This past relevant work did not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC). *Id.*

In the alternative, the ALJ proceeded to step five, where he determined that plaintiff could perform a significant number of unskilled, light exertional jobs in the national economy. PageID.72-73. Specifically, the ALJ found that plaintiff could perform the following unskilled, light

work in national economy such as office clerk (240,000 jobs), collator operator (150,000 jobs), and sorter (90,000 jobs). PageID.72. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2012 (the alleged disability onset date) through June 27, 2014 (the date of the decision). PageID.73.

### III. ANALYSIS

Plaintiff did not include a "Statement of Errors" as directed by the Court. *See* Notice (docket no. 8). However, the Court has gleaned three issues from the brief.

> **A.  Did the ALJ err when he failed to find that plaintiff's bilateral leg claudication meets and/or equals the criteria of Listing 4.11 and when he failed to provide sufficient reasons for discrediting the treating vascular surgeon's opinion that plaintiff was thereby disabled?**

Plaintiff contends that the ALJ failed to identify her leg condition as a severe impairment and consider it under Listing 4.11 (chronic venous insufficiency). After the ALJ found that plaintiff had a severe impairment of DDD, he determined that plaintiff's other impairments were not severe:

> Claimant is also impaired by her tobacco abuse, chronic venous insufficiency, and a renal cyst. However, the claimant's tobacco abuse and renal cyst are non-severe because they do not more than minimally affect the claimant's ability to perform work related tasks. The claimant's chronic venous insufficiency is only recently diagnosed (April 2014) and does not meet the durational requirements of a severe impairment. (12F).

PageID.68. The ALJ further stated:

> In April 2014, claimant was diagnosed with chronic venous insufficiency. An ultrasound of the lower extremity arteries reveals greater than 75% stenosis in the left external iliac artery and a CT of the abdomen and pelvis reveals an occluded left common iliac artery. Corrective surgery is recommended although her surgeon has declined to act until claimant stops smoking. Claimant testifies she currently smokes

> 10 cigarettes daily. (17F, Hearing Testimony May 28, 2014). I find this impairment is non-severe as it was only recently diagnosed and is not expected to last 12 months. Thus, it does not meet the durational requirements of a severe impairment.

PageID.71. In this regard, plaintiff's records include a note from the Vascular Health Center of Battle Creek, Michigan, dated May 27, 2014 (the day before the administrative hearing), stating that plaintiff "is being scheduled for surgery in 3 weeks," i.e., sometime in June 2014. PageID.382.

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Under the Social Security Act, a disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a) and 416.905(a); *Abbott*, 905 F.2d at 923. When the ALJ issued his decision on June 27, 2014, plaintiff had been diagnosed with venous insufficiency for approximately two months and plaintiff had presented the ALJ with evidence that corrective surgery would be performed sometime in June 2014. Substantial evidence supports the ALJ's determination that plaintiff's venous insufficiency was not a severe impairment under the regulations. Furthermore, this condition could not form the basis for finding that plaintiff met the requirements of a listed impairment. A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). "[T]o be considered disabled under the Listing of Impairments, a claimant must establish that his condition is either permanent, is expected to result in death, or is expected to last at least 12 months, as well as to show that his condition meets or

6

equals one of the listed impairments." *Listenbee v. Secretary of Health & Human Services*, 846 F.2d 345, 350 (6th Cir. 1988). Plaintiff did not meet this burden. Accordingly, the ALJ properly found that plaintiff's venous insufficiency was not a severe impairment within the meaning of the Social Security Act and did not err by failing to find her disabled under Listing 4.11.

> **B. Did the ALJ fulfill his heightened duty to fully and fairly develop the administrative record, especially since the plaintiff was unrepresented by a representative?**

At the administrative hearing, plaintiff was advised about her right to be represented by an attorney or non-attorney, but stated that she wished to proceed without a representative. PageID.82. Now, plaintiff contends that the ALJ failed to fulfill his heightened duty to fairly develop the administrative record. The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants when three circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). When this special duty exists, the ALJ must scrupulously and conscientiously explore all of the facts relevant to the claims of the unrepresented claimant. *Lashley*, 708 F.2d at 1051-52.

Here, the record did not trigger the ALJ's special duty to develop the record. It is undisputed that plaintiff was not represented by counsel. However, she was fully aware of her right to counsel, being advised in of this right in writing before the hearing (PageID.139-146) and by the ALJ at the hearing (PageID.82). Plaintiff understood her right, but advised the ALJ that she wanted

to proceed without an attorney. PageID.82. Under these circumstances, plaintiff was adequately informed of her right to legal representation. *See Johnson v. Commissioner of Social Security*, 97 Fed. Appx. 539, 542 (6th Cir. 2004) (Social Security claimant was adequately informed of his right to counsel when he received written notices of his right to representation prior to the administrative hearing, the ALJ advised the claimant of his right to counsel, and the claimant elected to proceed without legal representation).

However, plaintiff has not demonstrated the other circumstances necessary to trigger the ALJ's special duty. The record reflects that plaintiff was generally familiar with hearing procedures and capable of presenting an effective case. Plaintiff produced her medical records and advised the ALJ of her belief that all of those records (18 exhibits) were in evidence. PageID.82-83, 256-391. During the administrative hearing, plaintiff was capable of recounting her medical condition and work history, and explaining the basis of her disability claim. PageID.83-101. Accordingly, plaintiff's claim that the ALJ failed in his special duty to develop the record, will be denied.

### C. Was the ALJ's credibility finding supported by the evidence of record?

Plaintiff contends that the ALJ's credibility determination is not supported by substantial evidence. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265,

1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

> The ALJ evaluated plaintiff's credibility as follows:
>
> Claimant is a 53-year-old female who lives in a house by herself. She has a varied work history that includes employment as a certified nursing assistant, housekeeper, customer service worker, and in telephone sales. However, she alleges she is no longer able to work due to pain and postural restrictions that limit her walking and ability to use stairs as well as her ability to sit, stand, and bend. Claimant indicates she is numb from her waist down yet she experiences a great deal of pain in her legs and in the middle of her back. She states that she also has difficulty concentrating and is depressed due to her pain. Sleep is difficult for claimant as she finds it hard to get comfortable. She also indicates that while she is able to tend to her personal care without any problem, it does take her longer to dress, bathe, care for her hair, and shave. Claimant also reports performing her housework although she comments it is painful. She goes outside at least once daily, weather permitting, and drives or rides in a car. She shops in stores and manages her own financial affairs. The claimant's social life involves seeing her parents, family, and grandchildren several times a week. She is independent when she goes out. Yet, claimant indicates she has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, concentrating, and completing tasks. Claimant estimates she can lift approximately five pounds and walk no more than half a block before having to rest. ( 4E)

\*   \*   \*

> After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. claimant admit [sic] she was able to work through April 2013 when she stopped receiving unemployment, even though this is considerably after her alleged onset date of February 2012. In addition, she states she has looked for work "everywhere" doing "anything" since her alleged onset date but has been unable to secure employment. Claimant is able to tend to her activities of daily living and while she lives alone is able to maintain her house. Claimant takes Flexeril and occasionally takes Norco or Motrin. Otherwise, she does not take much medication. (8F) She has briefly participated in physical therapy and has used a TENS unit which have provided some relief from her symptoms. Her doctors have also suggested she attend a pain clinic, which claimant has not pursued. In addition, her doctor has advised her that her smoking habit has contributed to the degenerative disc disease. Yet, she continues to smoke and this, in combination with her refusal to seek more aggressive treatment, suggests claimant does not find her back pain as debilitating as she alleges.

PageID.71.

Here, the ALJ found contradictions among the medical records, plaintiff's testimony, and other evidence. *Walters*, 127 F.3d at 531. The ALJ noted a major inconsistency between plaintiff's claim that she has been disabled since March 1, 2012 and plaintiff's testimony that she was able to work until May or June of 2013, more than one year after her alleged disability onset date. PageID.89-90. The ALJ observed plaintiff's lack of treatment for her alleged disabling conditions. For example, while plaintiff notes that she was examined at a pain clinic twice in September and October 2013 (PageID.301-305), there is no record of any treatment at that facility.

In addition, the ALJ could consider a claimant's household and social activities in evaluating her assertions of pain or ailments. *Walters*, 127 F.3d at 532. Here, plaintiff testified that she has the ability to perform daily activities such as taking care of the house, cleaning, cooking, making beds, and fixing things at her own pace (in plaintiff's words "at my own time") (PageID.85).

Such endeavors are not indicative of an invalid, incapable of performing work related activities. *See, e.g., Pasco v. Commissioner of Social Security*, 137 Fed. Appx. 828, 846 (6th Cir. 2005) (substantial evidence supported finding that plaintiff was not disabled where plaintiff could "engage in daily activities such as housekeeping, doing laundry, and maintaining a neat, attractive appearance" and could "engage in reading and playing cards on a regular basis, both of which require some concentration") (footnote omitted); *Warner v. Commissioner of Social Security*, 375 F.3d 387, 392 (6th Cir. 2004) (the ALJ justifiably considered the claimant's ability to conduct daily life activities (such as managing his personal hygiene, vacuuming, driving short distances and washing spoons and forks) in the face of his claim of disabling pain); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability); *Gist v. Secretary of Health and Human Services*, 736 F.2d 352, 358 (6th Cir. 1984) (a claimant's capacity to perform daily activities on a regular basis will militate against a finding of disability).

Finally, plaintiff's contention that the ALJ used boilerplate language in a portion of the credibility determination is unavailing. The ALJ's use of such language in a credibility determination is not grounds for reversal where the ALJ also gives specific reasons for rejecting the claimant's subjective statements. *See Carter v. Commissioner of Social Security*, No. 1:12-cv-1370, 2014 WL 1213744 at *6 (W.D. Mich. Mar. 24, 2014); *Rich v. Commissioner of Social Security*, No. 1:12-cv-255, 2013 WL 5329515 at *4 (W.D. Mich. Sept. 23, 2013).

Based on the entire record of this case, the Court concludes that the ALJ's credibility determination was supported by substantial evidence. There is no compelling reason to disturb that determination. *Smith*, 307 F.3d at 379. Accordingly, plaintiff's claim of error should be denied.

## IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated: September 23, 2016                                          /s/ Ray Kent
                                                                                    Ray Kent
                                                                                    United States Magistrate Judge